**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARREN LAMONT KEYS,

    Petitioner,

vs.

                            Case No.   3:01-cr-239-J-32
                                                   3:06-cv-81-J-32JBT

UNITED STATES OF AMERICA,

    Respondent.

_____

## **ORDER**

This case is before the Court on petitioner Darren Lamont Keys' Motion for Relief from Incomplete Judgment. (Doc. 74.)[1] In response, the government has filed a Motion to Dismiss petitioner's motion as untimely. (Doc. 75.)

On January 27, 2006, petitioner filed his initial Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc 1.) On March 13, 2009, the Court denied petitioner's § 2255 motion in a substantive, twelve page Order. (Doc. 66.) On May 4, 2009, petitioner sought a Certificate of Appealability from the Court's denial of his § 2255 petition. (Doc. 68.) In addition to his substantive arguments, petitioner asserted that he was entitled to a certificate of appealability because the Court failed to address all of his claims in violation of Clisby v. Jones, 960 F.2d 925,

---

[1] Citations to Keys' criminal case file, 3:01-cr-239-J-32, are denoted as "Crim. Doc. ___." Citations to Keys' civil § 2255 case file, 3:06-cv-81-J-32JBT, are denoted as "Doc. ___."

936 (11th Cir. 1992). The Court rejected this argument and, by Order dated May 13, 2009, denied petitioner's request for a certificate of appealability. (Doc. 70.) Likewise, on September 30, 2009, the Eleventh Circuit denied petitioner's request for a certificate of appealability because he "failed to make the requisite showing of the denial of a constitutional right." (Doc. 73 at 1.)

In his latest Motion, petitioner once more challenges the Court's Orders dated March 13, 2009 (Doc. 66) and May 13, 2009 (Doc. 70) as being "incomplete" in light of Clisby. (Doc. 74 at 5). Specifically, petitioner contends that his § 2255 petition "was 'incompletely' addressed in violation of due process and this Circuit's long standing Clisby-Rule [sic] requiring all issues raised to be addressed." Id. Just as it did in denying petitioner's certificate of appealability (see Doc. 66 at 2 n.1), the Court rejects this argument.[2]

Petitioner also asks the Court to set aside its previous rulings pursuant to Rule 60(b)(3) because the government "fraudulently" asserted that certain issues in his habeas proceeding were foreclosed by a prior appeal. (Doc. 74 at 1.) Petitioner's

---

[2] In Clisby, the Eleventh Circuit instructed district courts to resolve all claims raised in a habeas petition, regardless of whether habeas relief is granted or denied. Clisby, 960 F.2d at 936. The Court stated that "[a] claim for relief for purposes of this instruction *is any allegation of a constitutional violation.*" Id. (emphasis added). In denying his § 2255 petition, this Court addressed and rejected each of petitioner's constitutional claims (to the extent they could be deciphered). The Eleventh Circuit, with the benefit of the voluminous record of petitioner's pro se pleadings, similarly declared that petitioner had failed to make the requisite showing of denial of a constitutional right.

fraud-on-the-court theory is without merit for the same reason as his Clisby contention, i.e., the Court has previously addressed—numerous times—each legal issue raised in his habeas petition which it was required to address on the merits.

Accordingly, it is hereby

**ORDERED:**

1.  Petitioner's Motion for Relief from Incomplete Judgment (Doc. 74) is **DENIED**.

2.  The United States' Motion to Dismiss (Doc. 75) is terminated as **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

Copies:

counsel of record
pro se party